IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**GENESIS PARTNERS, LIMITED PARTNERSHIP,**

  **Plaintiff,**

v.             CIVIL ACTION NO. 1:24-CV-106
                  (KLEEH)

**CITY OF BRIDGEPORT, WEST VIRGINIA,**
**and G. ANDREW LANG,**

  **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONSIDER SUPPLEMENTAL EXHIBIT [ECF NO. 11] AND DENYING MOTION TO DISMISS [ECF NO. 6]**

Pending before the Court are Defendants City of Bridgeport, West Virginia and G. Andrew Lang's *Motion for Consideration of Supplemental Exhibit* [ECF No. 11] and *Defendants' Motion to Dismiss* [ECF No. 6]. For the reasons stated herein, the Motion to Consider [ECF No. 11] is **GRANTED IN PART AND DENIED IN PART** and the Motion to Dismiss [ECF No. 6] is **DENIED**.

      **I. PROCEDURAL BACKGROUND**

Plaintiff, Genesis Partners, Limited Partnership ("Genesis" or "Plaintiff"), filed a single Count Complaint in this Court on November 18, 2024, seeking declaratory judgment. On December 17, 2024, Defendants City of Bridgeport, West Virginia (the "City") and G. Andrew Lang "Lang) (collectively "Defendants") filed a Motion to Dismiss for lack of subject matter jurisdiction. ECF No. 6. Plaintiff filed its response in opposition to the Defendants'

Motion to Dismiss on December 31, 2024. ECF No. 8.  On January 7, 2025, Defendants filed their reply in support of the Motion to Dismiss. ECF No. 10.

Nine days later, on January 16, 2025, Defendants filed a Complaint in the Circuit Court of Kanawha County, West Virginia seeking declaratory judgment, a preliminary injunction, and a permanent injunction against Michael Graney as the Executive Director of the West Virginia Department of Economic Development. ECF No. 11-1. On January 27, 2025, Defendants moved this Court to consider their state court Complaint as a supplemental exhibit to their Motion to Dismiss. ECF No. 11. Plaintiff does not oppose consideration of this exhibit and filed its response to Defendants' Motion for Consideration on February 10, 2025. ECF No. 12. On February 27, 2025, Defendants filed their reply in support of the Motion for Consideration. ECF No. 13.

## II.   FACTUAL BACKROUND

The facts in this case are largely undisputed.  In 2002, the West Virginia Legislature passed the West Virginia Tax Increment Financing Act ("TIF Act").  ECF No. 1 at ¶ 10.  The TIF Act governs the use of tax increment financing, which is a method of public funding that uses future increases in property tax revenue to fund public infrastructure projects. Id. at ¶¶ 6-7.  Specifically, the TIF Act authorizes county commissions and municipal governments to create development or redevelopment districts ("TIF districts") to

2

stimulate economic growth. Id. at ¶ 8. Under the TIF Act, a TIF district requires the formal consent of the municipality it sits in before it can be established. Id. at ¶ 9. Under the TIF Act, the TIF district may receive funding from its host municipality for a term no longer than thirty years. Id. at ¶ 10.

On March 31, 2005, pursuant to the TIF Act, the Harrison County Commission authorized the creation of a TIF district ("District No. 2") in Bridgeport, West Virginia. Id. at ¶¶ 16, 18. The City consented to District No. 2 by resolution. Id. at ¶ 18. District No. 2's purpose was to "benefit the City and its residents by facilitating the orderly development and economic stability of the City." Id. at ¶ 19. Plaintiff, a registered West Virginia Limited Partnership, was responsible for developing District No. 2. Id. at ¶ 17.

On February 27, 2023, the West Virginia Legislature passed an amendment to the TIF Act that authorized up to a fifteen-year extension for TIF districts established before December 31, 2020, without consent of the municipality. Id. at ¶¶ 11-15. After the amendment was passed, Defendants lobbied against the extension of District No. 2. Id. at ¶¶ 23-24. Mr. Lang individually wrote a letter asking the Governor to veto the TIF Act's 2023 amendment. Id. at ¶ 22. On August 20, 2024, the West Virginia Department of Economic Development approved a fifteen-year extension for District No. 2. Id. at ¶ 34.

3

Since the approval of District No. 2's extension, Defendants have threatened litigation and advertised their intent to challenge the constitutionality of the TIF Act amendment. Id. at ¶¶ 39, 42-45. Plaintiff asserts in its complaint that Defendants actions and threatened litigation harmed it and District No. 2. Id. at ¶ 41. Plaintiff brings the following claim:

> Count One: Declaratory Judgment regarding the validity of the West Virginia TIF Act under Article I, Section 10, Clause 1 of the United States Constitution and Article III, Section 4 of the West Virginia Constitution.

Plaintiff alleges that Defendants' actions have placed a cloud over District No. 2, and bondholders are unwilling to accept the risk and effect of the litigation threatened by Defendants. Id. at 46-47. Finally, Plaintiff asks the Court to "declare that the 15-year extension of Development District No. 2 does not impinge on any contract or agreement with the City of Bridgeport and therefore does not violate the Contracts Clause of the West Virginia Constitution or the United States Constitution." Id. at p. 12.

### III. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for lack of subject matter jurisdiction. "The plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). In

4

considering a motion to dismiss pursuant to Rule 12(b)(1), the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (citation omitted). The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citation omitted). "[Q]uestions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (citations and quotation marks omitted).

## IV. DISCUSSION

The Court first addresses the *Motion for Consideration of Supplemental Exhibit* [ECF No. 11], then *Defendants' Motion to Dismiss* [ECF No. 6].

For the reasons discussed below, the Court **GRANTS IN PART AND DENIES IN PART** the Motion for Consideration of a Supplemental Exhibit and **DENIES** the Motion to Dismiss.

### A. Motion for Consideration of Supplemental Exhibit

Trial courts "may consider exhibits outside the pleadings" when disposing of motions to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995); Fayetteville Invs. v. Commercial Builders, Inc., 936 F.2d 1462, 1473 (4th Cir. 1991).

5

Here, Defendants' Motion to supplement the record with evidence of its state court complaint is unopposed. See ECF No. 12. Because the Court may consider exhibits outside of the pleadings when deciding a Rule 12(b)(1) motion, and because the motion for consideration is unopposed, the Court will consider the exhibit in ruling on Defendant's Motion to Dismiss. However, the Court will not consider the arguments within Defendants' accompanying memorandum and reply memorandum because they are not relevant to whether the Court should consider the supplemental exhibit.  Instead, Defendants attempt to extend their motion to dismiss arguments through the supplemental memoranda. Thus, Defendant's Motion to Consider is **GRANTED IN PART AND DENIED IN PART**; Court considers the existence of the Complaint filed in the Circuit Court of Kanawha County, West Virginia [ECF No. 11-1], but does not supplement the record with the dismissal arguments raised in Defendant's *Motion for Consideration of Supplemental Exhibit* [ECF No. 11] or *Reply Brief of Defendants in Support of Motion for Consideration of Supplemental Exhibit* [ECF No. 13].

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants move this Court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 7. Alternatively, Defendants argue that even if this Court has jurisdiction, it should abstain from exercising its jurisdiction. Id.

Under the Federal Declaratory Judgment Act federal district courts "may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought." 28 U.S.C.A. § 2201(a). For a federal district court to exercise jurisdiction in a declaratory judgment action, the plaintiff must establish three elements: (1) "the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment"; (2) "the court possesses an independent basis for jurisdiction over the parties"; and (3) "the court does not abuse its discretion in its exercise of jurisdiction." Trans Energy, Inc. v. Abcouwer, No. 1:14-CV-176, 2015 WL 3397774, at *2 (N.D.W. Va. May 26, 2015) (quoting Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 592 (4th Cir. 2004)).

There is no dispute regarding the first element.[1] Thus, the remaining issues before the Court are (1) whether the Court has an

---

[1] Neither party raises an issue regarding whether an actual controversy exists between the parties. Because subject matter jurisdiction cannot be waived or stipulated, this Court conducts an independent analysis of this element. To determine if an actual controversy exists, courts ask "whether the dispute is definite and concrete, touching the legal relations of parties having adverse legal interests." White v. National Union Fire Ins. Co., 913 F.2d 165, 167 (4th Cir. 1990) (internal quotations omitted). Specifically, courts consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

independent basis for jurisdiction, and (2) whether the Court abuses its discretion in its exercise of jurisdiction.

### 1. Independent Basis for Jurisdiction: Federal Question Jurisdiction

The Court first turns to whether this Court has an independent basis for jurisdiction. For a federal district court to exercise its jurisdiction in a declaratory judgment, it must "possess[] an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction)." Volvo Const., 386 F.3d at 592. "[T]he Declaratory Judgment Act does not 'extend' the 'jurisdiction' of the federal courts." Trans Energy, 2015 WL 3397774 at *5 (quoting Medtronic, Inc. v. Mirowski Family Ventures, LLC, 571 U.S. 191, 191 (2014)).

Defendants argue that the proper test to determine jurisdiction is the substantial question doctrine.[2] Id. at pp. 8-9. Plaintiff argues that the proper standard is whether the declaratory judgment defendants could bring a claim in this Court.

---

declaratory judgment." Id. at 167–68. "[T]he threat of future litigation may give rise to an actual controversy." Trans Energy, 2015 WL 3397774 at *3. Here, taking the factual allegations in Plaintiff's Complaint as true, Plaintiff's Complaint establishes that the parties have an adverse legal interest regarding the constitutionality of the TIF Act amendment, that is definite and immediate because Defendants threatened litigation multiple times regarding the constitutionality of the TIF Act amendment as it applies to District No. 2. Thus, an actual controversy between the parties exists.

[2] As explained infra, the substantial question doctrine does not apply in this case. As such, it is not analyzed by the Court.

ECF No. 8 at pp. 3-5. Federal courts have original jurisdiction over, "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists if "a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001) (applying the well-pleaded complaint rule to declaratory judgment actions).

In a declaratory judgment action, "the federal right litigated may belong to the declaratory judgment defendant rather than the declaratory judgment plaintiff." Columbia Gas, 237 F.3d at 370 (concluding the district court had federal question jurisdiction where the plaintiff's complaint raised a federal constitutional claim the defendant could bring against it). Thus, "the proper jurisdictional question is whether the complaint alleges a claim arising under federal law that the declaratory judgment defendant could affirmatively bring against the declaratory judgment plaintiff." Id.

Defendants appear to confuse the applicable standard applied for declaratory judgment actions. Defendants rely on Pinney v. Nokia, Inc., 402 F.3d 430 (4th Cir. 2005), in urging the Court to apply the substantial question doctrine. In Pinney, a cellphone company moved to remove a series of state law actions against it

9

that were ultimately consolidated into an MDL and dismissed by the district court. Id. at 439–41. On appeal, the Fourth Circuit reversed and remanded the MDL to the district court to remand the cases to state court for lack of subject matter jurisdiction. Id. at 459. Importantly, all the claims in Pinney were state law claims; therefore, the claims had to satisfy the substantial question doctrine, which the Fourth Circuit ultimately concluded they did not. Id. at 445–46.

Defendants' reliance on Pinney is misplaced. Unlike the plaintiffs in Pinney, Plaintiff in this case asserts a claim based on the United States Constitution and its substantially similar state counterpart.[3] Because Plaintiff's Complaint asserts a purely federal claim — violation of the Contracts Clause of the United States Constitution — the substantial question doctrine does not apply.

Defendants further argue that the Court lacks federal question jurisdiction because Defendants never intended to raise a federal constitution issue. ECF No. 7 at p. 7. This argument fails because jurisdiction stems from a plaintiff's complaint. See Columbia Gas, 237 F.3d 366, 370. The question that determines if a federal district court has jurisdiction in a declaratory judgment action "is whether the complaint alleges a claim arising

---

[3] Pinney is also procedurally distinct because it deals with a denied motion to remand, not declaratory judgment.

10

under federal law that the declaratory judgment defendant <u>could</u> affirmatively bring against the declaratory judgment plaintiff." <u>Id.</u> (emphasis added). The fact Defendants could, and allegedly threatened to, bring a claim against Plaintiff under the United States Constitution is sufficient to establish federal question jurisdiction.

Applying the proper standard in this case, as articulated by the Fourth Circuit in <u>Columbia Gas</u>, the Court has federal jurisdiction. Plaintiff brought this action seeking a declaration that the amendment to the TIF Act is not unconstitutional under the West Virginia State Constitution and, importantly, the United States Constitution. ECF No. 1 at ¶¶ 50-53. The right litigated in Plaintiff's declaratory judgment claim belongs to Defendants. Because Plaintiff's Complaint plainly alleges a federal claim that Defendants could bring, the Court may exercise its jurisdiction in this declaratory judgment action.

### 2. Abuse of Discretion or Abstention of Jurisdiction

Having determined that the Court has jurisdiction over Plaintiff's declaratory judgment action, the next and final issue before the Court is whether it abuses its discretion by exercising its jurisdiction in this case and should therefore decline to do so. A federal district court having declaratory judgment jurisdiction "may, in its discretion, decline to exercise its jurisdiction in certain circumstances if abstention is necessary

11

to show proper regard for a state government's domestic policy." Burgess v. Corp. of Shepherdstown, No. 3:11-CV-109, 2012 WL 6681875, at *2 (N.D.W. Va. Dec. 21, 2012) (citing Burford v. Sun Oil Co., 319 U.S. 315 (1943)); Volvo Const., 386 F.3d at 594. However, "a district court must have 'good reason' for declining to exercise its declaratory judgment jurisdiction." Id. Indeed, "abstention is the exception, not the rule." Pomponio v. Fauquier Cnty. Bd. of Supervisors, 21 F.3d 1319, 1324 (4th Cir. 1994) (en banc) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813(1976)), overruled in part on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 728-31 (1996).

Defendants argue that the factors enumerated by the Fourth Circuit weigh in favor of abstention in this case. ECF No. 7 at pp. 11-12. To determine if abstention is appropriate, courts consider several factors:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;
>
> (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"; and

>    (iv) whether the declaratory judgment action is being used merely as a device for "procedural fencing"—that is, "to provide another forum in a race for res judicata" or "to achieve a federal hearing in a case otherwise not removable."

Poston, 88 F.3d at 257 (cleaned up) (citation omitted).

Defendants specifically contend that factors one, two, and four weigh in favor of abstention. ECF No. 7 at pp. 11–12. First, Defendants first argue that West Virginia has a strong interest in deciding Plaintiff's claim because it deals with a West Virginia Statue and West Virginia municipalities. Id. at p. 11. Additionally, Defendants contend that the root issue in this case implicates both West Virgina statutes and the West Virginia State Constitution. Id. at 12. Plaintiff argues that its Complaint alleges a violation to the federal constitution, which is better suited for a federal district court. ECF No. 8 at p. 10. Plaintiff Genesis is correct. Plaintiff's Complaint and the issue before this Court deals solely with the Contracts Clause of the United States Constitution and West Virginia's substantially similar state constitution's counterpart. Because the issues before this Court involve a narrowly pleaded constitutional claim, factor one weighs in favor of this Court exercising its jurisdiction.

Second, Defendants argue that the issues in Plaintiff's Complaint "can more efficiently be resolved in a state court." ECF No. 7 at p. 12. Plaintiff argues that there is no court

13

"better suited to address the federal constitutional claim [it] presented." ECF No. 8 at p. 10-11. Indeed, Congress explicitly authorized federal district courts to exercise jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For the same reasons as factor one, factor two weighs in favor of this Court exercising its jurisdiction.

Third, Defendants argue that this "declaratory judgment action is being used as a device for procedural fencing" by interfering with the disposition of a state action. ECF No. 7 at p. 12. Plaintiff simply argues that this is not the case. ECF No. 8 at p. 10. A federal district court should avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942). When Plaintiff filed its declaratory judgment action, it was the only claim filed between the parties. Therefore, at the time of filing, there was no "gratuitous interference" with a pending state court litigation.

However, Defendants urged this Court to consider their state court complaint. See generally ECF No. 11. Given the nature of Defendants' Motion for Consideration, the nature of the exhibit, and when their state court claim was filed, it appears that Defendants are attempting to divest this Court of its jurisdiction

14

by filing a state law action <u>after</u> completely briefing their Motion to Dismiss. Plaintiff, on the other hand, filed the instant action with this Court after Defendants threatened litigation and informed third parties of their interest in litigation. "[A] declaratory judgment action is appropriate "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." <u>AGCS Marine Ins. Co. v. Bill Warner & Son Towing & Recovery, LLC</u>, No. 2:18-CV-120, 2019 WL 2169180, at *1 (N.D.W. Va. May 17, 2019) (quoting <u>Aetna Cas. & Sur. Co. v. Quarles</u>, 92 F.2d 321, 325 (4th Cir. 1937)). Because the record does not indicate that Plaintiff is engaged in procedural fencing, factor four weighs in favor of this Court exercising its jurisdiction.

While not explicitly disputed, the third factor also weighs in favor of this Court exercising its jurisdiction. Defendants urged this Court to consider their state court complaint. ECF No. 11. After fully briefing their Motion to Dismiss, Defendants filed a state court complaint that raises multiple state statutory claims, a state takings claim, and the state Contracts Clause claim brought by Plaintiff in this action. <u>See</u> <u>generally</u> ECF No. 11 Ex. A. When there are two pending actions, "the first suit should have priority, absent the showing of balance of convenience in

15

favor of the second action." Volvo Const., 386 F.3d at 594-95. Defendants have not shown a balance of convenience in favor of their state court action. Indeed, most of Defendants claims are unaffected by a resolution in this action. Because the first suit has priority, and because the issues pleaded in Plaintiff's Complaint do not result in unnecessary entanglement between the federal and state court systems, the third factor weighs in favor of this Court exercising its jurisdiction.

Thus, the factors weigh in favor of this Court exercising its jurisdiction when applied to the circumstances of this case. Defendants' Motion to Dismiss [ECF No. 6] pursuant to Fed. R. Civ. P. 12(b)(1) is **DENIED**.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Consideration of Supplemental Exhibit, insofar as it considered the exhibit itself, and **DENIES** Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record by the CM/ECF system.

**DATED:**   September 16, 2025

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA